NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BRIARWOOD PROPERTIES, LTD., et al., :
                                    :
    Plaintiffs,                     :    Civ. No. 02-5453 (AET)
                                    :
    v.                              :    MEMORANDUM and ORDER
                                    :
UNITED STATES OF AMERICA, et al.,   :
                                    :
    Defendants.                     :
_____:

THOMPSON, U.S.D.J.

    This matter comes before the Court on Defendants' motion for partial summary judgment. The Court has reviewed the written submissions of the parties and heard oral argument on June 13, 2005. For the reasons stated on the record, and for good cause shown, the Court will grant Defendants' motion as to the individual Defendants on the basis of qualified immunity, grant Defendants' motion as to the appropriate method of amortization for every loan except the Washington Enterprises Loan, and deny Defendants' motion with regard to the Washington Enterprises Loan.

    In this motion, Defendants argue that (1) the individual Defendants are entitled to qualified immunity on Plaintiffs' constitutional claims, and (2) when Plaintiffs pay their loans in full, they must use the Defendants' method of calculating interest on those loans. As to the first of these arguments, the Court held at oral argument that, pursuant to Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), qualified immunity is warranted in this case. It appears that Plaintiffs are

unable to establish that "plaintiff has alleged the deprivation of an actual constitutional right at all," Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Conn v. Gabbert, 526 U.S. 286, 290 (1999)), or that "it would be clear to a reasonable [government official] that his conduct was unlawful in the situation he confronted," Saucier v. Katz, 533 U.S. 194, 202 (2001).  Accepting Plaintiffs' allegations as true and drawing all reasonable inferences in the light most favorable to Plaintiffs, the complaint does not set forth a constitutional violation.  Even if the freedom of association principles articulated by Plaintiffs sufficiently allege a constitutional violation, it would not have been clear to a reasonable government official that his conduct was unlawful in the situation he confronted in this case.  Thus, qualified immunity is warranted.

      Second, Defendants argue that Plaintiffs must use the Defendants' method of calculating interest on their loans when paying those loans in full.  Prior to 1985, the Farmers Home Administration ("FMHA")[1] used the Daily Interest Accrual System ("DIAS") to calculate the interest on a loan.  In 1985, the DIAS method was changed to the Predetermined Amortization Schedule System ("PASS") for all new loans closed after May 1, 1985 as well as any loan which received a servicing action after May 1, 1985.  All borrowers with DIAS loans closed prior to May 1, 1985 were given the option to convert to the new PASS system.

      In the present case, all but one of Plaintiffs' loans closed after May 1, 1985.  Plaintiffs argue that the DIAS method should be applied to the one loan executed before May 1, 1985 (the "Washington Loan"), while Defendants argue that the Plaintiffs requested that the Washington Loan be changed to the PASS system.  Because there are factual disputes regarding whether

---

[1] The FMHA was later subsumed into the Rural Housing Service, currently referred to as Rural Development.  For simplicity, FMHA and its successor agencies shall be referred to as FMHA.

Plaintiffs formally effectuated a change to the PASS method, the Court will deny Defendants' motion with regard to the Washington Loan only.

Plaintiffs also argue that the PASS method for calculating interest is unconscionable, and should not be applied to any of their loans. "An unconscionable contract is one 'which no man in his senses, not under a delusion, would make, on the one hand, and which no fair and honest man would accept on the other.'" Educators Associates, Inc. v. United States, 41 Fed. Cl. 811, 817 (Fed. Cl. 1998) (quoting Hume v. United States, 21 Ct. Cl. 328, 330 (1886)). To obtain relief, a plaintiff must point to behavior such as overreaching, unfair bargaining power, or unfair surprise. See Glopak Corp. v. United States, 851 F.2d 334, 338 (Fed. Cir. 1988); Fraass Surgical Mfg. Co. v. United States, 215 Ct. Cl. 820, 571 F.2d 34, 40 (1978). In the present case, Plaintiffs provide no evidence of unconscionability in the bargaining process or in the result. Plaintiffs, sophisticated business enterprises, entered into a government contract and made no objection to its terms until this lawsuit.

For the reasons given above, and for good cause shown;

It is on this 23rd day of June 2005,

**ORDERED** that Defendants' motion for partial summary judgment is **GRANTED** in part and **DENIED** in part.

s/Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.