NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                      :
BRIARWOOD PROPERTIES, LTD., et al.,       :
                                                      :          Civ. No. 02-5453 (AET)
          Plaintiffs,                           :
                                                      :          MEMORANDUM and ORDER
          v.                                      :
                                                      :
UNITED STATES OF AMERICA, et al.,          :
                                                      :
          Defendants.                          :
_____:

          This matter comes before the Court on Plaintiffs' motion for reconsideration of this

Court's June 24, 2005 Order granting in part Defendants' motion to utilize the Predetermined

Amortization Schedule System ("PASS") method for calculating interest on Plaintiffs' loans.

The Court has decided this motion after considering the parties' written submissions and without

oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons stated below, Plaintiffs' motion for

reconsideration will be denied.

          In the District of New Jersey, a motion for reconsideration is governed by Rule 7.1(g) of

the Local Civil Rules.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J.

1999).  A motion under Rule 7.1(g) may address only those matters of fact or issues of law which

were presented to, but not considered by, the court in the course of making the decision at issue.

SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir.

1989).  Matters may not be introduced for the first time on a reconsideration motion, and absent

unusual circumstances, a court should reject new evidence which was not presented when the

court made the contested decision.  See, e.g., Yurecko v. Port Authority Trans-Hudson Corp.,

279 F. Supp. 2d 606, 609 (D.N.J. 2003); Resorts Int'l, Inc. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992).  Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers."  Bowers v. National Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Moreover, Rule 7.1(g) does not allow parties to restate arguments which the court has already considered; rather, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988).  A court will grant a motion for reconsideration only if the movant establishes that the court overlooked "dispositive factual matters or controlling decisions of law."  Rouse v. Plantier, 997 F. Supp. 575, 578 (D.N.J. 1998).  Relief under Rule 7.1(g) will be granted "very sparingly."  Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).

In the present motion, Plaintiffs do not argue that the Court overlooked dispositive factual matters or controlling decisions of law in reaching its prior decision, but instead ask the Court to consider supplemental declarations that were available to them when briefing their opposition to Defendants' motion.  Plaintiffs have not presented the Court with circumstances that would counsel against rejecting such evidence.  Moreover, even if the procedural restrictions of a motion for reconsideration did not render Plaintiffs' arguments invalid, the substantive deficiency of the arguments would do so, and the Court has not altered its previous decision.

For the foregoing reasons and for good cause shown,

IT IS THEREFORE on this 16th day of August 2005,

ORDERED that Plaintiffs' motion for reconsideration is DENIED.

s/Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.